

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIMOTEO GOMEZ,                       )
                                     )
           Plaintiff(s),             )     No. C 06-5889 CRB (PR)
                                     )
    vs.                              )     ORDER OF DISMISSAL
                                     )
DACANAY, et al.,                     )
                                     )
           Defendant(s).             )
                                     )

   Plaintiff, a State of California prisoner incarcerated at San Quentin State Prison, has filed a pro se complaint under 42 U.S.C. § 1983 challenging his placement in administrative segregation. He seeks declaratory and injunctive relief. He also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 and requests that the court excuse his obligation to exhaust available administrative remedies.

   The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All

Case 3:06-cv-05889-CRB    Document 3    Filed 09/28/2006    Page 2 of 3

available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006).

     The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers/officials. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

     Nonexhaustion under § 1997e(a) is an affirmative defense which should be brought by defendant(s) in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12 (b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.

2

1  2003).  However, a complaint may be dismissed by the court for failure to
2  exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to
3  exhaustion applies." Id. at 1120.  Here, plaintiff concedes he did not exhaust
4  available administrative remedies through the Director's level of review before
5  filing suit, but argues that the exhaustion requirement should be excused because
6  it is taking too long, i.e., "it's been over a month."  Plaintiff's request is without
7  merit.  The moderate delay he cites does not amount to any sort of extraordinary
8  circumstance which might compel that he be excused from complying with the
9  exhaustion requirement.  Cf. Booth, 532 U.S. at 741 n.6 (courts should not read
10 "futility or other exceptions" into § 1997e(a)).

11    Plaintiff's request to proceed in forma pauperis is DENIED and the
12 complaint is DISMISSED without prejudice to refiling after exhausting
13 California's prison administrative process.  See McKinney v. Carey, 311 F.3d
14 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice
15 unless prisoner exhausted available administrative remedies before he filed suit,
16 even if prisoner fully exhausts while the suit is pending).

17    The clerk shall enter judgment in accordance with this order and close the
18 file.  No fee is due.
19 SO ORDERED.
20 DATED:  Sept. 28 2006

CHARLES R. BREYER
United States District Judge

3